IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLEE N. A.,**[1]

    **Plaintiff,**

v.

    Civil Action 2:22-cv-3085
    Judge Sarah D. Morrison
    Magistrate Judge Chelsey M. Vascura

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff, Charlee N. A. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI"). This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 9); the Commissioner's Memorandum in Opposition (ECF No. 11); Plaintiff's Reply (ECF No. 12); and the administrative record (ECF No. 8). For the reasons that follow, it is **RECOMMENDED** that that the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case pursuant to Sentence 4 of § 405(g) for further consideration.

### I. BACKGROUND

Plaintiff protectively filed her SSI application in December 2019, alleging that she had been disabled since January 1, 2019. After those applications were denied administratively, a

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

hearing was held on May 5, 2021, before an Administrative Law Judge ("ALJ"), who issued an unfavorable determination on June 7, 2021. That unfavorable determination became final when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination and submits that remand is warranted for several reasons. The undersigned finds that one of Plaintiff's contentions of error has merit. Specifically, Plaintiff argues that the ALJ erred by finding persuasive the state agency psychologists' findings, but neglecting to sufficiently accommodate the opined limitations in her residual functional capacity ("RFC") or otherwise explain why certain limitations were modified or omitted.

Because this error warrants remand, the undersigned does not reach Plaintiff's other contentions of error.

## II. THE ALJ'S DECISION

The ALJ issued his decision on June 7, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 16–28.) At step one of the sequential

evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 23, 2019, the alleged date of onset. At step two, the ALJ found that Plaintiff had the following severe impairments: psoriatic arthritis, major depressive disorder, anxiety disorder, post-traumatic stress disorder, attention deficit-hyperactivity disorder, borderline intellectual function, and a substance abuse and addiction disorder. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ then set forth Plaintiff's RFC residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, the undersigned finds that the [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except that [Plaintiff] may frequently stoop, kneel, crouch, crawl, climb ramps, stairs, ladders, ropes and scaffolds; [Plaintiff] must avoid all exposure to unprotected heights, moving machinery and commercial driving; [Plaintiff] is limited to the performance of simple, routine, repetitive tasks,

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §§ 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

> 1. Is the claimant engaged in substantial gainful activity?
>
> 2. Does the claimant suffer from one or more severe impairments?
>
> 3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
>
> 4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
>
> 5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §§ 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

3

> conducted in a setting free of fast-paced production requirements, or more than routine workplace changes, which setting requires no public contact, *and no more than occasional and superficial (defined [as] precluding tasks involving arbitration, negotiation, confrontation, the direction of persuasion of, or conferral of responsibility upon [Plaintiff] for the safety or welfare of, others)* interaction with co-workers or supervisors.

(R. 21–22 (emphasis added).)

At step four, the ALJ determined that Plaintiff could perform past relevant work as a worksite cleaner. At step five, the ALJ relied on testimony from a vocational expert to determine that in light of Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that she could perform such as room attendant, dishwasher, and kitchen helper. The ALJ therefore concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from December 23, 2019, through the determination date.

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "take into account whatever in the record fairly detracts from [the] weight" of the

4

Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## IV. ANALYSIS

As previously explained, Plaintiff posits that remand is warranted because the ALJ found persuasive the state agency reviewing psychologists' findings, but he then altered their social interaction limitations before incorporating them into Plaintiff's RFC without an adequate explanation for doing so. This contention of error has merit.

A claimant's RFC is an assessment of "the most [a claimant] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations[3] describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5).

---

[3] Because Plaintiff's applications were filed in 2019, they are subject to regulations that govern benefits applications filed after March 27, 2017.

5

With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, when evaluating the persuasiveness of medical opinions and prior administrative findings, an ALJ must consider the following factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how he or she considered them. §§ 404.1520c(b)(2); 416.920c(b)(2). When considering supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion or prior administrative finding, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(1); 416.920c(c)(1). When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion or prior administrative finding. §§ 404.1520c(c)(2); 416.920c(c)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. Instead, when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must]

6

articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

Here, the ALJ first acknowledged that the state-agency psychological reviewers, Drs. Swain and Hoffman, both agreed that Plaintiff retained the functional capacity to perform tasks "involving brief, superficial interaction with co-workers and supervisors . . . ." (R. 25) (citing R. 92). The ALJ then offered the following discussion of the record evidence bearing on Plaintiff's limitations in social interaction, as well as his conclusions:

> The claimant describes herself as nervous and anxious around others, and denies engagement in social activities. However, she has no adult forensic history, denies specific difficulties with those in authority, or having ever lost a job due to interpersonal difficulties. She is demonstrably able to function in public settings, such as stores, and is generally described in the treatment record in pro-social terms, even when discernably symptomatic of mood. In a setting where the claimant would not be asked to interact with the public, and where her interaction with co-workers and supervisors would be controlled as to its frequency, and potential for escalation in its intensity, the claimant appears to have retained the sufficient, residual, social function to engage in competitive work.

(R. 25.) The ALJ then considered the persuasiveness of Drs. Swain's and Hoffman's opinions, concluding that their opinions overstate "to a slight degree" Plaintiff's adaptive limitations, but otherwise finding that their opinions, including their opinions on Plaintiff's social interaction limitations, "remain broadly consistent with, and supported by, the evidence of record and are persuasive." (R. 26.) The ALJ also acknowledged that both Drs. Swain and Hoffman "had the opportunity to review the evidence of record, to which each cited liberally in support of their conclusions and *each is well versed in the terminology* and analytical framework employed in the disposition of these claims." (*Id.*) (emphasis added).

Nevertheless, the ALJ altered Drs. Swain's and Hoffman's social interaction findings in the following ways: (1) adding a limitation of "occasional" contact; (2) omitting the opined limitation that any specific social interaction be "brief"; and (3) defining "superficial interaction"

7

even though Drs. Swain and Hoffman offered no such definition. The ALJ's addition of a quantitative limitation—that is, his limiting Plaintiff to only "occasional" interaction (R. 21)—properly accommodates the ALJ's determination that Plaintiff's interaction "would [need to] be controlled as to its frequency," (R. 25). *See* SSR 83-10 (defining "occasionally" to mean "occurring from very little up to one-third of the time"). Moreover, an ALJ's determination that a claimant required *more* restrictive limitations than a source he credits opined does not prejudice a claimant and could not constitute reversible error. Accordingly, the undersigned considers whether the ALJ sufficiently explained the latter two alterations.

    First, the ALJ omitted, without explanation, Drs. Swain's and Hoffman's opinion that any social interactions be "brief." The term "brief" is not defined in either the Dictionary of Occupational Titles ("DOT") or the Selected Characteristics of Occupations ("SCO"), but, like the term "superficial," requires no explanation beyond its common, everyday meaning. *See Obrien v. Colvin*, No. 1:15-cv-536, 2016 WL 2755459, at *6-7 (M.D.N.C. May 11, 2016) (collecting cases for proposition that the terms "contact," "brief," and "superficial" are sufficiently precise so as to not warrant explanation beyond their common usage). The term "brief" is commonly understood to mean short in duration. Thus, Drs. Swain and Hoffman opined that Plaintiff's social interactions must be short in duration and superficial in quality. Significantly, the ALJ's limitation of "occasional" interaction does not accommodate a limitation that each interaction be "brief" or short in duration because the term "occasional" is a well-recognized, work-related limitation pertaining to the frequency of social interactions. *See* SSR 83-10. As the ALJ points out, Drs. Swain and Hoffman are "*well versed in the terminology* and analytical framework employed" in Social Security claims. (R. 26) (emphasis added). Drs. Swain and Hoffman did not opine any limitation with respect to the frequency of social interactions, but

8

instead determined that any particular interaction must be "brief" or short in duration and "superficial" in quality. The ALJ failed to explain why he omitted this limitation that the sources he found persuasive included. This absence of explanation requires reversal and remand.

The ALJ's second alteration—defining "superficial interaction"—presents a closer call. The sources upon whom the ALJ relied, Drs. Swain and Hoffman, did not define the term "superficial." Thus, it is presumed that they intended the term "superficial" to retain its common, everyday meaning. The ALJ, however, defined the term differently. The undersigned agrees with those courts that find no reversible error where the opining source neglects to define the term "superficial interaction" *and* the ALJ provides a sufficient explanation for why he or she determined that the claimant was limited to superficial contact as the ALJ defines that term. *See, e.g.*, *Betz. v. Comm'r of Soc. Sec.*, No. 3:21-cv-2408, 2022 WL 17717496 (N.D. Ohio Nov. 8, 2022). This is consistent with the well-settled principle that ALJs need not adopt verbatim a source's findings that the ALJ determines are persuasive. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale."). What is important is that the ALJ provide an explanation for any alterations or departures from credited opinions so that this Court may conduct meaningful review to determine whether substantial evidence supports the ALJ's decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record'"). The undersigned need not make such a determination here because the ALJ's error in omitting, without explanation, the

opined limitation that social interactions be "brief" necessitates remand. On remand, however, the Commissioner may, of course, consider this issue, as well as Plaintiff's other contentions of error if appropriate.

## V. RECOMMENDED DISPOSITION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this case pursuant to Sentence Four of §405(g).

## VI. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE